UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD J. ROMINE,<br><br>Plaintiff,<br><br>v.<br><br>BIG O TIRES CORPORATE HEADQUARTERS, et al.,<br><br>Defendants. | No.  2:15-cv-0401 GEB KJN PS (TEMP)<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

      This matter came before the court on June 26, 2015, for hearing of defendants' motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Attorney David Wallis appeared on behalf of the defendants.  There was no appearance by, or on behalf of, plaintiff Chad J. Romine.  After hearing oral argument, defendants' motion was taken under submission.

      For the reasons stated below, the undersigned recommends that defendants' motion to dismiss be granted in part.

## BACKGROUND

      Plaintiff commenced this action on February 20, 2015, by paying the required filing fee and filing a complaint. (Dkt. No. 1.)  On April 10, 2015, plaintiff filed a motion for leave to file an amended complaint, (Dkt. No. 13), and on May 8, 2015, plaintiff filed a proposed amended

1

1  complaint. (Dkt. No. 19.) On May 12, 2015, the court granted plaintiff's motion for leave to file
2  an amended complaint and deemed the proposed amended complaint filed May 8, 2015, to be the
3  operative pleading in this action. (Dkt. No. 20.)
4      On May 28, 2015, defendants filed the motion to dismiss now pending before the court.
5  (Dkt. No. 21.) Plaintiff filed an opposition on June 3, 2015.[1] (Dkt. No. 24.) Defendants filed a
6  reply on June 10, 2015. (Dkt. No. 27.)

## STANDARDS

I.     <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)</u>

    Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." <u>Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

    When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. <u>See</u> <u>Sea Vessel Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994); <u>Osborn v. United States</u>, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. <u>Savage v. Glendale Union High Sch. Dist. No. 205</u>, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); <u>Miranda v. Reno</u>, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for

---

[1] In addition to his opposition, plaintiff has filed several documents styled as motions but which were not properly noticed for hearings. Accordingly, those motions will be denied without prejudice.

1  summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

2  When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no
3  presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d
4  at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any
5  evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of
6  jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule
7  12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden
8  of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

9  II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

10  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
11  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
12  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
13  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901
14  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
15  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A
16  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
17  the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.
18  Iqbal, 556 U.S. 662, 678 (2009).

19  In determining whether a complaint states a claim on which relief may be granted, the
20  court accepts as true the allegations in the complaint and construes the allegations in the light
21  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
22  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less
23  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,
24  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the
25  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
26  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than
27  an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A
28  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

3

elements of a cause of action." Twombly, 550 U.S. at 555. See also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of

1   Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited
2   jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.
3   Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37
4   (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears
5   affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting
6   Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

7        Lack of subject matter jurisdiction may be raised by the court at any time during the
8   proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.
9   1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has
10  subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the
11  obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.
12  Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court
13  cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

14       The burden of establishing jurisdiction rests upon plaintiff as the party asserting
15  jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)
16  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,
17  implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy
18  within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)
19  (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
20  insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of
21  jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
22  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction
23  . . . and may be dismissed sua sponte before service of process.").

24       Here, a reading of the amended complaint reveals that this court lacks subject matter
25  jurisdiction over this action.  In this regard, the thrust of plaintiff's amended complaint is that in
26  December of 2014 plaintiff, a resident of Shingle Springs, California, visited Big O Tires stores in
27  Placerville, California, and Cameron Park, California, and became embroiled in a dispute over the
28  repair of his vehicle which ended in an altercation with several Big O Tires' employees.  Based

5

on these allegations, the amended complaint makes several vague and conclusory allegations, including that this "action is being brought pursuant to various United States Code-setting the stage for folly, pen ultimately ending in the RICO Act 18 U.S.C. 1958-64 . . . ."  (Am. Compl. (Dkt. No. 19) at 1.[2])

However, to state a cognizable RICO claim, a plaintiff must allege:  (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to plaintiff's business or property.  Sanford v. Memberworks, Inc., 625 F.3d 550, 557 (9th Cir. 2010); Walter v. Drayson, 538 F.3d 1244, 1247 (9th Cir. 2008); Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996).  The alleged enterprise must exist "separate and apart from that inherent in the perpetration of the alleged [activity]."  Chang v. Chen, 80 F.3d 1293, 1300-01 (9th Cir. 1996).  See also Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir. 1984) ("If Union Bank is the enterprise, it cannot also be the RICO defendant.").  A "pattern of racketeering activity" means at least two criminal acts enumerated by statute.  18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud).  These so-called "predicate acts" under RICO must be alleged with specificity in compliance with Rule 9(b) of the Federal Rules of Civil Procedure.[3]  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400-01 (9th Cir. 2004).  See also Lancaster Community Hospital v. Antelope Valley Hospital Dist., 940 F.2d 397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). See also Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); Miscellaneous Serv. Workers, Drivers & Helpers v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981) (affirming the district court's dismissal of the plaintiffs' deceit and misrepresentation claims where plaintiffs failed to allege with sufficient particularity the content of the false representations and identities of the parties to the misrepresentations). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" Swartz, 476 F.3d at 765 (quoting Moore v. Kayport Package Express, 885 F.2d 531, 541 (9th Cir. 1989)).

fraud that a plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"); Alan Neuman Productions, Inc. v. Albright, 862 F .2d 1388, 1392-93 (9th Cir. 1988).  Here, the amended complaint fails to allege the elements of a RICO claim.

The amended complaint also cites to 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).  Here, the amended complaint fails to plausibly allege, nor could it under the facts alleged, that defendants Big O Tires #5085, Big O Tires #5251 and Parent Company Big O Tires Inc., all private entities engaged in commerce, were acting under color of state law when they deprived plaintiff of a federal right.

The amended complaint also alleges a violation of 18 U.S.C. § 241, (Am. Compl. (Dkt. No. 19) at 4), which prohibits two or more persons from conspiring to "injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States . . . ."  The amended complaint, however, fails to allege how any two defendants conspired or undertook any action relating to plaintiff's rights or privileges secured to him by the Constitution or laws of the United States.

The amended complaint also alleges a violation of 18 U.S.C. § 242, (Am. Compl. (Dkt. No. 19) at 4), which prohibits "under color of any law, statute, ordinance, regulation, or custom," the "deprivation of any rights, privileges, or immunities secured or protected by the Constitution

or laws of the United States . . . ." The amended complaint, however, fails to plausibly allege that any defendant violated plaintiff's rights as secured by the Constitution or laws of the United States.

The amended complaint also alleges a violation of 18 U.S.C. § 245(a)(2)(b)(1)(E), (Am. Compl. (Dkt. No. 19) at 4), which prohibits any person "acting under color of law," from injuring or intimidating another from "participating in or enjoying the benefits of any program or activity receiving Federal Financial assistance." The amended complaint, however, fails to plausibly allege that any defendant was acting under color of law or that plaintiff was discouraged from participating in any program or activity.

The amended complaint also cites in passing 17 U.S.C. §§ 102, 202, 18 U.S.C. §§ 1958, 1959, 1964 and 1968, 28 U.S.C. §§ 1343, 1345, 1349 and 1350, and 42 U.S.C. §§ 1981-1990, 1992 and 2000dd. However, passing references to federal statutes do not create a substantial federal question. See Easton v. Crossland Mortg. Corp., 114 F.3d 979, 982 (9th Cir. 1997) ("the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action").

Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction should be granted.

## LEAVE TO AMEND

The undersigned has found that the amended complaint fails to provide the court a basis for subject matter jurisdiction over this action. Accordingly, plaintiff's amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff may further amend his pleading to state a claim over which the court would have subject matter jurisdiction. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of this court's obvious lack of subject matter jurisdiction over this action, the undersigned finds that it would be futile to grant plaintiff further leave to amend in

this case.[4]

SUPPLEMENTAL JURISDICTION

In addition to the federal causes of action addressed above, plaintiff's amended complaint also asserts a number of state law causes of action. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). See also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction. Therefore, the undersigned also recommends that the assigned District Judge decline to exercise supplemental jurisdiction over the amended complaint's state law claims.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's March 3, 2015 motion to compel (Dkt. No. 5), March 3, 2015 motion for access to ECF (Dkt. No. 6), June 3, 2015 motion to join defendants (Dkt. No. 23), June 3, 2015 motion in opposition (Dkt. No. 24), July 8, 2015 motion

---

[4] On July 22, 2015, plaintiff filed a proposed second amended complaint. (Dkt. No. 35.) In evaluating whether granting further leave to amend would be futile, the undersigned has reviewed the proposed second amended complaint and finds that the proposed second amended complaint suffers from the same defects as those found in the amended complaint.

1  to compel (Dkt. No. 32), July 8, 2015 motion to lodge draft arguments (Dkt. No. 33), and July 22,
2  2015 motion to amend (Dkt. No. 34) are denied without prejudice.
3       Also, IT IS HEREBY RECOMMENDED that:
4       1. Defendants' May 28, 2015 motion to dismiss (Dkt. No. 21) be granted in part;
5       2. Plaintiff's May 8, 2015 amended complaint (Dkt. No. 19) be dismissed without
6  prejudice for a lack of subject matter jurisdiction;
7       3. The court decline to exercise supplemental jurisdiction over the amended complaint's
8  various state law claims; and
9       4. This action be closed.
10       These findings and recommendations are submitted to the United States District Judge
11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
12  after being served with these findings and recommendations, any party may file written
13  objections with the court and serve a copy on all parties.  Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
15  shall be served and filed within seven days after service of the objections.  The parties are advised
16  that failure to file objections within the specified time may waive the right to appeal the District
17  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
18  Dated:  November 16, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

romine0401.mtd.f&rs.docx